1  MCGUIRE WOODS LLP
   LESLIE M. WERLIN #67994
2  1800 Century Park East, 8th Floor
   Los Angeles, California 90067
3  Telephone: (310) 315-8200
   Facsimile: (310) 315-8210
4  LWerlin@mcguirewoods.com

5  SHERMAN & HOWARD, L.L.C.
   Mark W. Williams (appearing *pro hac vice*)
6  Marcy M. Heronimus (appearing *pro hac vice*)
   633 Seventeenth Street, Suite 3000
7  Denver, Colorado  80202
   MWilliams@shermanhoward.com
8  MHeronimus@shermanhoward.com

9  GANFER & SHORE, LLP
   Ira Brad Matetsky (appearing *pro hac vice*)
10 360 Lexington Avenue
   New York, New York  10017
11 imatetsky@ganfershore.com

12 Attorneys for Defendants

13                 UNITED STATES DISTRICT COURT

14                 CENTRAL DISTRICT OF CALIFORNIA

15

16 STAN LEE MEDIA, INC., a Colorado        CASE NO. 07-CV-00225-SVW (SSx)
   corporation,
17                                         [Consolidated with Case No. 07-4438-
                   Plaintiff,              SVW (SSx) and 09-CV-2340-SVW
18                                         (PJWx)]
        vs.
19                                         Assigned to Hon. Stephen V. Wilson
   STAN LEE, an individual, et al.,        Courtroom 6
20
                   Defendants.             **DEFENDANTS' STATUS REPORT
21                                         PURSUANT TO THE COURT'S
                                           ORDER OF MARCH 28, 2012**
22
                                           **Status Conference to be held:
23                                         Date:  April 16, 2012
                                           Time:  1:30 p.m.
24                                         Ctrm:  6**

25

26

27

28                      DEFENDANTS' STATUS REPORT

Defendants submit this Status Report as ordered by the Court (Doc. 191).

**A.**   **The Issues in This Litigation**

1.     Plaintiff Stan Lee Media, Inc. ("SLMI") filed its Consolidated Complaint on February 14, 2011.  (Doc. 152.)  The Consolidated Complaint asserts nine claims including declaratory judgment regarding copyright ownership, breach of contract, breach of fiduciary duty, accounting, conversion, unjust enrichment, and Lanham Act violation, all arising from Stan Lee's alleged breach of an employment agreement that he terminated in January 2001.

2.     On March 16, 2011, Defendants moved to dismiss SLMI's Consolidated Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 158.)  The grounds asserted for dismissal included, *inter alia*, res judicata, the statutes of limitations, laches and estoppel, trademark abandonment, and implausibility under *Twombley-Iqbal* principles.  The motion to dismiss was fully briefed.  (*See* Docs. 159-160, 162-163, 168-172, 179.)

3.     On May 4, 2011, this Court stayed further proceedings in this action pending resolution of an appeal that SLMI had taken to the United States Court of Appeals for the Second Circuit in the action *Lee v. Marvel.* (Doc. 182.)  The Second Circuit issued its decision on March 21, 2012.  *See Lee v. Marvel Enterprises, Inc.,* 11-831-CV, 2012 WL 934016 (summary order) (*see* Docs. 188, 189)

4.     Defendants submit that their fully briefed Rule 12(b)(6) motion is now ripe for consideration.  The effects of the Second Circuit's decision on the pending motion are discussed below.

**B.**   **The Southern District of New York and Second Circuit Proceedings**

The "labyrinthian history of this litigation" (Docket No. 191) includes the following litigation in New York:

38330271.1

-1-

DEFENDANTS' STATUS REPORT

1.     *The Abadin Action (Judge Crotty)*.     This was a derivative action on SLMI's behalf in the Southern District of New York.  Stan Lee was a defendant on claims including copyright, trademark (Lanham Act), breach of contract, and breach of fiduciary duty.  On March 31, 2010, Judge Crotty dismissed the *Abadin* action on grounds including the applicable statutes of limitations, laches and estoppel, trademark abandonment, and other grounds.  *Abadin v. Marvel Entertainment, Inc.*, 09 Civ. 0715 (PAC), 2010 WL 1257519, at *6-7 (S.D.N.Y. Mar. 31, 2010).  The derivative plaintiffs filed a notice of appeal to the Second Circuit, but they defaulted and the appeal was dismissed, rendering Judge Crotty's decision final.

2.     *The Lee v. Marvel Action (Judge Sweet)*.  This was originally an action filed by Stan Lee in 2002 and settled in 2005.  In August 2010, SLMI moved to reopen and vacate the judgment, to realign the parties with SLMI as the plaintiff, and to file an Amended Complaint asserting the same claims dismissed in *Abadin*.  On February 4, 2011, Judge Sweet denied SLMI's application on numerous grounds that included the untimeliness of SLMI's Rule 60(b) motion under Fed. R. Civ. P. 60(c)(1).  Judge Sweet additionally held that the claims SLMI was seeking to file were barred by res judicata in light of *Abadin*.  *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440 (S.D.N.Y. 2011).  SLMI appealed to the Second Circuit.

3.     *The Second Circuit's Decision*.  On March 21, 2012, the Second Circuit affirmed Judge Sweet's judgment in *Lee v. Marvel*.  With respect to Judge Sweet's denial of relief to SLMI under Fed. R. Civ. P. 60(b), the Second Circuit agreed that SLMI's motion was untimely:

> The timeliness of [SLMI's] motion is governed by Rule 60(c)(1), which requires that it "be made within a reasonable time."  SLMI did not seek to vacate this judgment until more than five years after final judgment.  Much shorter periods of time have been held unreasonable.  *See, e.g., Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (*per curiam*)

1   (twenty-six months); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir.

2   2001) (three-and-a-half years). **That SLMI's management was in an**

3   **extended period of disarray does not excuse its more than five-year**

4   **delay in filing its Rule 60(b) motion.**

5   *Lee v. Marvel Enterprises, Inc.*, No. 11-831-CV, 2012 WL 934016, at *1 (summary

6   order) (emphasis added). The Second Circuit also concluded that SLMI was not

7   entitled to relief under Rule 60(d)(3). *Id.* at *2. The court stated that "[h]aving

8   decided the matter before us on the above grounds, we do not reach the issue of res

9   judicata." It concluded that "[h]aving considered SLMI's remaining arguments and

10  finding them to be without merit, the judgment of the district court is affirmed." *Id.*

11  **C.   The Relationship Between the S.D.N.Y. and**

12  **Second Circuit Proceedings and This Action**

13  Defendants submit that the Southern District of New York and Second Circuit

14  decisions discussed above bear on the pending motion to dismiss as follows:

15  **1.   Res Judicata**

16  Defendants' first ground for dismissal, as briefed in the motion to dismiss, is

17  res judicata. In support of res judicata, Defendants relied on both Judge Crotty's

18  decision in *Abadin* and Judge Sweet's decision in *Lee v. Marvel*.

19  As noted above, the Second Circuit based its affirmance in *Lee v. Marvel* on

20  other grounds including untimeliness and did not reach the issue of whether Judge

21  Sweet correctly held that Judge Crotty's judgment dismissing SLMI's claims was

22  entitled to res judicata effect. Because the Second Circuit affirmed Judge Sweet's

23  decision on alternative grounds without reaching the res judicata issue, Judge Sweet's

24  holding on that issue no longer has binding preclusive effect. *See* this Court's Order

25  of May 4, 2011, at 2 (Docket No. 182).

26

27

28  38330271.1

DEFENDANTS' STATUS REPORT

1    However, Judge Sweet's well-reasoned discussion of res judicata still has

2   persuasive value.[1]  Defendants submit that Judge Sweet's analysis of the res judicata

3   effect of Judge Crotty's decision in *Abadin* represented a sound exposition of the

4   relevant facts and legal principles that this Court should follow based upon its

5   persuasive force even though not bound to do so.

6    Moreover, regardless of any weight that this Court may choose to give to Judge

7   Sweet's analysis in *Lee v. Marvel*, Defendants' motion to dismiss the Consolidated

8   Complaint should still be granted based upon the preclusive effect of Judge Crotty's

9   decision in *Abadin*.   Nothing in the Second Circuit's decision in *Lee v. Marvel*

10   undercuts the preclusive effect of *Abadin* in any fashion.

11   **2.    The Statute of Limitations and Related Issues**

12    The Second Circuit's decision in *Lee v. Marvel* strengthens Defendants'

13   arguments for dismissal based on the statutes of limitations, laches, and estoppel.

14    SLMI has contended that its claims in this action are timely because until 2010,

15   there were disputes concerning who was entitled to represent SLMI in litigation.  In

---

16   [1]    Even where an appellate court does not affirm a lower court's judgment in its

17   entirety, the lower court's opinion still retains persuasive effect – though not

18   preclusive or precedential effect – on issues on which the appellate court did not

19   speak.  *See, e.g., In re Bayley Corp.*, 163 F.3d 1205, 1211 (10th Cir. 1998) ("because

   the Supreme Court reversed the District Court's decision . . . on other grounds and

20   did not address the question at issue in this case, the Supreme Court's decision did

   not undermine the persuasive value of the District Court's holding"); *McKenzie v.*

21   *Day*, 57 F.3d 1493, 1494 (9th Cir. 1995) (en banc) (although prior Ninth Circuit

22   decision had been reversed by the Supreme Court on other grounds and later vacated,

   it "remains persuasive authority, and we adopt its analysis of this issue as our own");

23   *United States v. Joelson*, 7 F.3d 174, 178 n.1 (9th Cir. 1993) (although vacated

24   opinion "has no precedential effect," court cited it for its informational and

   persuasive value).  The same principle applies *a fortiori* here, where the Second

25   Circuit did not reverse or vacate Judge Sweet's judgment, but *affirmed* it, albeit

26   without reaching the res judicata issue.

27

28   38330271.1              -4-

1  his recently affirmed decision, however, Judge Sweet had held that SLMI's Rule
2  60(b) motion was untimely under Rule 60(c)(1) and had agreed with Judge Crotty in
3  refusing "to excuse the delay in asserting claims because SLMI was subject to the
4  control of the bankruptcy court from February 2001 through December 2006" or for
5  any other reason.  *Lee v. Marvel*, 765 F. Supp. 2d at 449.

6        In its Second Circuit appeal, SLMI again argued that its delay in filing its Rule
7  60(b) motion should be excused by facts such as that SLMI was in bankruptcy from
8  2001 to 2006 and that at certain times, SLMI allegedly did not have a functioning
9  Board of Directors.  The Second Circuit rejected this argument and affirmed Judge
10 Sweet's holding that SLMI's Rule 60(b) motion was untimely, holding "**that SLMI's
11 management was in an extended period of disarray does not excuse its more
12 than five-year delay in filing its Rule 60(b) motion**."  *Lee v. Marvel*, 2012 WL
13 934016, at *1 (emphasis added).  SLMI is bound by the holdings of Judge Sweet and
14 the Second Circuit that factors such as SLMI's bankruptcy and disputes concerning
15 its Board of Directors did not affect the statutes of limitations on its claims.

16       **3.    Other Issues**

17       Defendants' pending motion to dismiss also raises additional grounds for
18 dismissal of the Consolidated Complaint.  The recent Second Circuit decision does
19 not affect these grounds.

20

21 DATED:  April 6, 2012

22                                        Respectfully Submitted,

23                                        By:/s/ Leslie M. Werlin
24                                        Leslie M. Werlin
                                          Attorney for Defendants
25

26

27

28 38330271.1                    -5-
                        DEFENDANTS' STATUS REPORT

1

**CERTIFICATE OF SERVICE**

2

        I hereby certify that on this 6th day of April, 2012, a true and correct copy of
the foregoing DEFENDANTS' STATUS REPORT was served via e-mail (except as
to Peter F. Paul) and by U.S. Mail upon the following:

3

4

5       Jack Cairl, Esq.                                Raymond Dowd, Esq.
        Law Offices of Jack G. Cairl                    Luke McGrath, Esq.
6       10250 Constellation Boulevard, Suite 2900       Dunningham, Bartholow & Miller LLP
        Los Angeles, CA 90067                           1359 Broadway
7       cairl@ikplaw.com                                New York, NY 10018
                                                        rdowd@dunnington.com
8       David A. Pash, Esq.                             lmcgrath@dunnington.com
9       David A. Pash Law Offices
10      1880 Century Park East, Suite 1511
        Los Angeles, CA 90013
11      dap@dpashlaw.com

12

13      Peter F. Paul, 78802-012
        FCI LA TUNA
14      Federal Correctional Institution
        P.O. Box 3000
15      Anthony, TX 88021

16

17      Robert E. Kohn, Esq.
        Enenstein & Ribakoff, APC
18      233 Wilshire Boulevard, Suite 900
        Santa Monica, CA 90401
19      rkohn@enensteinlaw.com

20
                                                By:/s/ Leslie M. Werlin
21                                                 _____
                                                McGUIRE WOODS LLP
22                                              Leslie M. Werlin
                                                Attorney for Defendants
23

24

25

26

27

28      38330271.1                      -6-
                                DEFENDANTS' STATUS REPORT