MCGUIRE WOODS LLP
Leslie M. Werlin SBN #67994
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210
LWerlin@mcguirewoods.com

GANFER & SHORE, LLP
Ira Brad Matetsky (appearing *pro hac vice*)
360 Lexington Avenue
New York, New York  10017
imatetsky@ganfershore.com

SHERMAN & HOWARD, L.L.C.
Mark W. Williams (appearing *pro hac vice*)
Marcy M. Heronimus (appearing *pro hac vice*)
633 Seventeenth Street, Suite 3000
Denver, Colorado  80202
MWilliams@shermanhoward.com
MHeronimus@shermanhoward.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN LEE MEDIA, INC., a Colorado corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STAN LEE, an individual, et al.,<br><br>                    Defendants. | CASE NO. 07-CV-00225-SVW (SSx)<br><br>[Consolidated with Case No. 07-4438-SVW (SSx) and 09-CV-2340-SVW (PJWx)]<br><br>Honorable Stephen V. Wilson<br><br>**SUPPLEMENTAL DECLARATION OF IRA BRAD MATETSKY**<br><br>Date:  July 9, 2012<br>Time:  1:30 p.m.<br>Courtroom  6 |

40186848.1

IRA BRAD MATETSKY declares as follows:

I am a member of the Bar of the State of New York and of federal courts including the United States District Court for the Southern District of New York and the United States Court of Appeals for the Second Circuit. I am admitted *pro hac vice* in this action as co-counsel for Defendants. I am a member of the law firm of Ganfer & Shore, LLP located in New York, New York.

1.    I submit this Declaration in further support of Defendants' motion to dismiss the Consolidated Complaint in this action on grounds including res judicata, and more specifically, to address the procedural history of the related Southern District of New York derivative action captioned *Abadin v. Marvel Entertainment Inc. et al.*, Docket No. 09-715 (PAC) ("*Abadin I*") and to place before the Court true and correct copies of court filings and related documents from that action. My firm and I represented defendants Stan Lee and Arthur Lieberman in *Abadin I* and I have personal knowledge of the proceedings that took place in that action.

2.    On January 26, 2009, four shareholders of Stan Lee Media, Inc. ("SLMI"), namely, José Abadin, Christopher Belland, Nelson Thall, and John Petrovitz (collectively, "Abadin"), commenced the *Abadin I* action derivatively on behalf of SLMI. The action was assigned to the Honorable Paul A. Crotty, U.S.D.J., who had also presided over prior litigation involving SLMI in 2007 and 2008. A copy of the PACER/ECF District Court electronic docket in *Abadin I* is annexed hereto as Exhibit A. A copy of the Complaint in *Abadin I* is annexed as Exhibit B.

3.    Abadin was represented when the *Abadin I* action was filed by Martin Garbus, Esq. At that time, Mr. Garbus had his own law firm, but in or about March 2009, he joined the New York law firm of Eaton & Van Winkle, LLP and in addition to Mr. Garbus, other attorneys at that firm led by Ted Semaya, Esq. joined in representing Abadin. At all relevant times, Mr. Garbus, Mr. Semaya, and Eaton & Van Winkle held themselves out as highly experienced attorneys with decades of litigation experience. Copies of pages containing relevant background concerning

1  Eaton & Van Winkle, including the biographies of Messrs. Garbus and Semaya,
2  taken from the firm's website, are annexed as Exhibit C.

3      4.      As noted above, Defendants Stan Lee and Arthur Lieberman were
4  represented in *Abadin I* by Steven J. Shore and me, both of Ganfer & Shore, LLP.
5  Defendant Marvel Entertainment, Inc. ("Marvel") was represented by David
6  Fleischer, Esq., then of Paul Hastings LLP and later of Haynes and Boone LLP.

7      5.      Judge Crotty, in common with many of the District Judges in the
8  Southern District of New York, requires that counsel notify the court by letter and
9  attend a pre-motion conference prior to filing a motion in a civil case.  A copy of the
10  Individual Practices of Judge Crotty, posted on the website of the U.S. District Court
11  for the Southern District of New York, which reflect this requirement (see paragraph
12  3.A), is annexed as Exhibit D.  As indicated in Judge Crotty's Individual Practices,
13  to arrange for a pre-motion conference the moving party must submit a letter of not
14  more than three pages setting forth the basis for the anticipated motion.  The other
15  parties must submit a responsive letter within three days and the pre-motion
16  conference is then scheduled.

17      6.      On March 20, 2009, in accordance with Judge Crotty's requirements,
18  counsel for the defendants in *Abadin I* sent letters to Judge Crotty requesting a pre-
19  motion conference in connection with contemplated motions to dismiss the
20  Complaint that defendants sought to file.  Copies of these pre-motion letters, like all
21  the letters referred to in this Declaration, were simultaneously sent to counsel for all
22  other parties in *Abadin I.*

23      7.      On April 8, 2009, Mr. Semaya wrote to Judge Crotty and advised him
24  that the parties to *Abadin I* had stipulated that Abadin would file an Amended
25  Complaint addressing grounds for dismissal that had been raised by defendants'
26  March 20, 2009 letters.  Mr. Semaya's letter enclosed an executed stipulation to this

27
28

effect, which Judge Crotty "so ordered" the following day. A copy of this letter with the enclosed Stipulation and Order is annexed as Exhibit E.

8. On April 23, 2009, Mr. Semaya wrote to Judge Crotty advising that in the Amended Complaint his office was about to file, Abadin would be dropping certain plaintiffs and defendants as parties to the action. Because *Abadin I w*as a derivative action governed by *Fed. R. Civ. P*. 23.1, Abadin requested leave of court to voluntarily dismiss these parties. In addition, Mr. Semaya advised Judge Crotty that the remaining plaintiffs, Messrs. Abadin and Belland, were voluntarily dismissing their individual claims, "leaving in the action only their derivative claims as shareholders on behalf of Stan Lee Media, Inc." Enclosed with Mr. Semaya's letter was a proposed order authorizing these changes, which Judge Crotty signed on April 27, 2009. A copy of Mr. Semaya's April 23, 2009 letter, with the enclosed executed order of Judge Crotty, is annexed as Exhibit F.

9. On April 28, 2009, Abadin filed the Amended Complaint in *Abadin I*. A copy of the Amended Complaint is annexed as Exhibit G.

10. On May 22, 2009, defendants' counsel wrote to Judge Crotty seeking a pre-motion conference to address proposed motions to dismiss that all defendants intended to file with respect to the Amended Complaint. The grounds for these motions included the applicable statutes of limitations, laches, trademark abandonment, and implausibility of pleading under the *Twombley* and *Iqbal* decisions, among other reasons.

11. On May 28, 2009, Mr. Garbus wrote two letters to Judge Crotty, responding to defendants' pre-motion letters and arguing *inter alia* that each of the claims in the Amended Complaint was timely and satisfied the applicable pleading standards. Copies of these two letters are annexed as Exhibit H.

12. On June 16, 2009, a pre-motion conference was held before Judge Crotty in *Abadin I* to address, *inter alia*, defendants' proposed motions to dismiss

the Amended Complaint.    Abadin was represented at the conference by three lawyers, including Messrs. Semaya and Garbus.    At this conference, Judge Crotty authorized defendants to file their motions to dismiss and directed that they do so by July 20, 2009.    Abadin was granted until August 17, 2009 to file opposition papers, which was actually one week longer than the amount of time that Abadin's counsel, Mr. Garbus, requested.    A copy of the transcript of the June 16, 2009 pre-motion conference is annexed as Exhibit I.

13.    On July 20, 2009, the defendants in *Abadin I* filed their motions to dismiss the Amended Complaint.    One motion was filed by defendant Marvel and another motion by defendants Stan Lee and Arthur Lieberman.    Each set of moving papers included a memorandum of law and a transmittal declaration or declarations annexing documents that the defendants asserted could properly be considered by the District Court on a motion to dismiss.    Copies of the memoranda of law filed by defendant Marvel and defendants Lee and Lieberman are annexed as Exhibits J and K.    Copies of the transmittal declarations filed by Marvel's counsel (without their voluminous exhibits) and Marvel's request for judicial notice are collectively annexed as Exhibit L.    A copy of the transmittal declaration filed by counsel for defendants Lee and Lieberman (also without exhibits) is annexed as Exhibit M.

14.    On August 6, 2009, Mr. Garbus wrote to Judge Crotty requesting a three-week extension of Abadin's time to respond to defendants' pending motions to dismiss.    Judge Crotty granted Abadin's request by memorandum endorsement on the letter, which ordered:

> Plaintiffs' time to file [their] opposition to the motions to dismiss is extended by 3 weeks to Tuesday, September 8, 2009.    **There will be no further extensions**.    (See Transcript of 6/16 at p. 12)….

(Emphasis added.)    A copy of Mr. Garbus's August 6, 2009 letter (without attachments), with Judge Crotty's endorsed order, is annexed as Exhibit N.

15.    On August 25, 2009, Mr. Garbus wrote two letters to Judge Crotty, advising him that Abadin had just discharged him and Eaton & Van Winkle as counsel, requesting that he and his firm be relieved as counsel, and requesting on Abadin's behalf that the pending motions to dismiss be held in abeyance for an additional 40 days.  After defendant Marvel opposed the latter request, on August 26, 2009, Mr. Garbus wrote another letter to Judge Crotty on the same subjects. Copies of these three letters from Mr. Garbus are collectively annexed as Exhibit O.

16.    On August 27, 2009, Judge Crotty ruled on the requests contained in Mr. Garbus's letters, via memorandum endorsement, as follows:

> This matter has been long delayed and when the Court entered its last order extending Plaintiffs' time for responding by three weeks, the Court cautioned there would be no further extensions.  Accordingly, the requests of August 25, 2009 (2) and August 26 are DENIED.  Counsel is not relieved (see Local Civil Rule 1.4); and the Court will proceed to decide this matter when it is fully briefed on the schedule previously set.  **If Plaintiffs retain new counsel, they must (1) file notice of appearances and (2) comply with the existing schedule.**

(Emphasis added.)  A copy of Judge Crotty's endorsed order is annexed as Exhibit P.

17.    Also on August 27, 2009, Mr. Garbus submitted yet another letter to Judge Crotty reiterating his same requests.  Judge Crotty endorsed the letter with the notation that "[t]he Court has already ruled on this matter.  See endorsement on the 2 letters of August 25, 2009 and August 26, 2009.  So ordered."  A copy of this letter with Judge Crotty's endorsement is annexed as Exhibit Q.

18.    On September 1, 2009, Oliver J. Armas, Esq. of the law firm of Chadbourne & Parke LLP, and Michael J. Hess, Esq., each filed a notice of appearance as counsel for Abadin in *Abadin I*.  According to the firm's website, Chadbourne & Parke is a law firm of national standing, comprising hundreds of lawyers in a dozen cities throughout the world.  Mr. Armas, the lead member of the

firm who worked on *Abadin I*, has been a practicing litigator in New York for twenty years and is described on his firm's website as having substantial experience in the field of commercial litigation.  Background information from the Chadbourne firm's website and Mr. Armas's website biography are annexed as Exhibit R.  Mr. Hess is also a highly experienced and highly regarded New York attorney who previously has served, among other capacities, as Corporation Counsel of the City of New York.  A copy of Mr. Hess's website biography is annexed as Exhibit S.

19.   On September 1, 2009, Mr. Armas wrote to Judge Crotty advising that he and Mr. Hess had been retained as new counsel for Abadin and that they intended to file a Second Amended Complaint.  In the first paragraph of this letter, Mr. Armas expressly acknowledges that a "court-ordered deadline of September 8, 2009" existed in the action.  The letter goes on, however, to state that because Abadin would be filing a Second Amended Complaint, Abadin would not be responding to the pending motions to dismiss the Amended Complaint.  In this letter, Mr. Armas took the position that Abadin was entitled to file their Second Amended Complaint as of right, but he also acknowledged that Abadin's right to file a Second Amended Complaint as of right could be questioned.  Mr. Armas concluded his letter by stating:  "If, however, Your Honor believes it is necessary for plaintiffs to first seek permission from the Court before filing their Second Amended Complaint, then we respectfully request that a pre-motion conference be scheduled as soon as possible."  A copy of Mr. Armas's September 1, 2009 letter is annexed as Exhibit T.

20.   As noted, September 8, 2009 was the court-ordered deadline set by Judge Crotty (after two extensions) for Abadin to oppose defendants' motions to dismiss.  On that date, Mr. Armas wrote to Judge Crotty enclosing a copy of Abadin's purported Verified Second Amended Complaint.  The letter again confirmed Mr. Armas's awareness that September 8, 2009 was "the Court deadline

7

[for Abadin] to respond to defendants' motions to dismiss…." A copy of this letter, including the enclosed Verified Second Amended Complaint (which was verified under oath by each of the named plaintiffs), is annexed as Exhibit U.

21.    Most of Mr. Armas's four-page, single-spaced September 8, 2009 letter to Judge Crotty was of an argumentative nature and explained why, in Abadin's view, their claims were valid and should not be dismissed. Among other things, Abadin argued (citing two cases) that *Abadin I* should not be dismissed based on the statute of limitations and laches, because plaintiffs' claims allegedly had not accrued until 2007 and because the statutes of limitations should be tolled on various grounds.

22.    Mr. Armas's letter to Judge Crotty concluded by stating:

> [W]e believe that plaintiffs are permitted to amend their Complaint "as a matter of course" under FRCP 15(a)(1). **If Your Honor determines otherwise, however, plaintiffs' respectfully request** leave from the Court to file the Second Amended Complaint, and in any event, **that this letter and the Second Amended Complaint be treated as plaintiffs' response to defendants' motions to dismiss**.

(Exhibit U at 4 (emphasis added)).

23.    A conference in *Abadin I* was held before Judge Crotty on September 23, 2009. Abadin was represented by three attorneys, including Mr. Armas and Mr. Hess. A copy of the transcript of this conference is annexed as Exhibit V.

24.    At the outset of the conference, Judge Crotty granted Mr. Garbus's unopposed motion for leave to withdraw as Abadin's counsel. Judge Crotty then noted that Abadin had not filed a brief in opposition to defendants' motions to dismiss the action, and asked counsel how the Court should proceed in light of this fact. Counsel for defendant Marvel requested that Judge Crotty "issue a reasoned decision addressing the issues raised by the motion[s] with respect to the amended complaint." (Exhibit V at 4-5) Marvel's counsel, Mr. Fleischer, observed:

[T]here was a letter dated September 8, Your Honor, from Mr. Armas which attached a copy of what purports to be a second amended complaint. And in the letter, it states that in the event the second amended complaint is not deemed filed or is not accepted, that letter would be – the request is that that letter be treated as the opposition by plaintiffs to the – to the motion.

(*Id.* at 5)

25.    Extensive colloquy then ensued between Judge Crotty and counsel, during which Judge Crotty ruled that Abadin was not entitled to file a Second Amended Complaint as of right and that, in light of the history of this and the prior related litigations, leave to further amend the complaint would not be granted. (*Id.* at 6-16) During this discussion, Abadin's counsel stated:

MR. ARMAS: . . . . And in any event, the verified allegations in [the proposed Second Amended] Complaint, along with our letter, [were] filed in time and should be deemed, at a minimum, if Your Honor's looking at a default situation, as our response to the motion[s] to dismiss – both of them.

(*Id.* at 16) The proceedings continued as follows:

THE COURT: All right. So you're pointing, then, to your last paragraph in your September 8 letter?

MR. ARMAS: Correct, Your Honor.

THE COURT [*reading from Mr. Armas's September 8, 2009 letter*]: "We believe plaintiffs are permitted to amend the complaint as a matter of course." Well, I don't think so. "If Your Honor determines otherwise, we request leave from this Court to file the second amended complaint, in any event that this letter . . . and the second amended complaint be treated as plaintiff's response to the defendants['] motion[s] to dismiss."

So at a bare minimum, you're saying I should read your complaint, your second amended complaint, and your four-page letter as your timely response –

MR. ARMAS: Yes, Your Honor.

THE COURT: -- to the motion to dismiss.

MR. ARMAS:  Yes, Your Honor.

(*Id*. at 16-17 (quotation marks added))  And Mr. Armas concluded:

> **MR. ARMAS:  . . . . And if Your Honor is looking to resolve the motion to dismiss instead of permitting us an opportunity to file or amend the complaint, which would moot that motion to dismiss, then that's our response.**

> **THE COURT:  All right.  Okay.**

> **MR. ARMAS:  That is our response for the record.**

> **THE COURT:  All right.**

(*Id*. at 18 (emphasis added))   Thus, the procedure followed by Judge Crotty in connection with the papers on defendants' motions to dismiss was one that had been suggested and expressly consented to by Abadin's highly experienced counsel.

26.    Following the September 23, 2009 conference, the court entered a minute entry for the conference, stating:

> Minute Entry for proceedings held before Judge Paul A. Crotty: Interim Pretrial Conference held on 9/23/2009. REMARK: Mr. Garbus' request, [for leave to withdraw] pursuant to SDNY Local Rule 1, dated September 10, 2009 was granted in open court. See order dated September 23, 2009.  The Court will consider plaintiffs' letter dated September 8, 2009 as well as the proposed second amended complaint as the response to the pending motions to dismiss.  Defendants shall reply by 10/01/2009. The Court will defer its ruling on defendants' bond requests.  In the event oral argument is needed, the Court will contact the parties.  See transcript for complete details of this proceeding….

The minute entry appears on the PACER/ECF docket of *Abadin I* (Exhibit A above).

27.    On September 29, 2009, Mr. Armas wrote to Judge Crotty, renewing his request that Abadin be allowed to file a Second Amended Complaint in *Abadin I*.   This letter did not include any request that Abadin be allowed to file further papers in opposition to defendants' pending motions to dismiss the existing Amended Complaint.  A copy of this letter is annexed as Exhibit W.

28.     After defendants responded to Mr. Armas' September 29 letter, on October 2, 2009, Mr. Armas again wrote to Judge Crotty, in further pursuit of his request that plaintiffs be allowed to file their Second Amended Complaint.  In this letter, Mr. Armas also requested, in the alternative and for the first time, that Abadin be permitted to file "supplemental" or "surreply" papers in opposition to the pending motions to dismiss.  A copy of this letter is annexed as Exhibit X.

29.     On October 16, 2009, Mr. Armas wrote to Judge Crotty asking that the court schedule oral argument on the pending motions to dismiss.  A copy of this letter is annexed as Exhibit Y.  (As set forth in the September 23, 2009 transcript and minute order, Judge Crotty had stated that he would notify the parties if he determined to hear oral argument.  He ultimately resolved the motions to dismiss without oral argument.)

30.     On January 28, 2010, Abadin's counsel formally docketed the September 8, 2009 letter from Mr. Armas to Judge Crotty, with the Verified Second Amended Complaint annexed, on the Southern District of New York's PACER/ECF website, formally designating these docuemnts as Abadin's opposition to defendants' motion to dismiss.  This is reflected as docket no. 40 on the electronic docket in *Abadin I* (Exhibit A above), which reflects that the papers were filed "as per chambers minute entry on 9/23/09."

31.     On March 31, 2010, Judge Crotty issued his Opinion and Order granting defendants' motions to dismiss the *Abadin I* action on multiple grounds.  A copy of the Opinion and Order is annexed as Exhibit Z.  The Clerk then entered judgment dismissing the action based on Judge Crotty's Opinion and Order.

32.     Abadin, represented by Mr. Armas, filed a timely notice of appeal to the U.S. Court of Appeals for the Second Circuit.  However, Abadin failed to file a brief on appeal or appendix, either by their original deadline of September 10, 2010 or even after the Court of Appeals *sua sponte* granted a 20-day extension to

September 30, 2010.    As a result, the appeal was dismissed, rendering Judge

Crotty's decision final.    The mandate was filed on December 30, 2010.    Abadin

never provided the Court of Appeals or defendants with any explanation for failing

to pursue the appeal.    Copies of Abadin's notice of appeal, the Second Circuit's

order noting Abadin's default and granting a *sua sponte* final extension of time, and

the mandate reflecting the dismissal of Abadin's appeal, are collectively annexed as

Exhibit AA.

33.    Meanwhile, on May 27, 2010, the Colorado Court of Appeals

determined that a three-member Board of Directors of SLMI had been validly

elected the previous year, consisting of José Abadin (the lead plaintiff in *Abadin I*),

Nelson Thall (an original plaintiff in *Abadin I*), and Jeff Segal.    Subsequently, SLMI

publicly announced that Mr. Abadin had been selected to serve as President of

SLMI and as "Chairman of the Special Litigation Committee."

34.    In July 2010, SLMI, controlled by Mr. Abadin and his colleagues,

advised defendants' counsel that SLMI had retained the Raymond J. Dowd, Esq.

and Luke McGrath, Esq., both members of the New York firm of Dunnington

Bartholow & Miller LLP (the "Dunnington firm"), as its counsel.    Accordingly to its

website, the Dunnington firm is a full-service New York law firm established in

1921.    Both Mr. Dowd and Mr. McGrath are experienced members of that firm and

of its litigation and intellectual property practice groups.    Copies of pages containing

relevant background from the Dunnington firm's website, including the biographies

of Messrs. Dowd and McGrath, are annexed as Exhibit BB.

35.    The Dunnington firm has continued to serve as SLMI's counsel in all

proceedings through the present.    Mr. McGrath, a member of the firm, has been

admitted *pro hac vice* representing SLMI in this action.    He has been the attorney

who has addressed this Court on SLMI's behalf at all recent appearances in this

1  action (as well as the recently concluded *Conan* action, Case No. 2:11-06861-

2  SVW).

3      36.    On September 10, 2010, Mr. Dowd wrote on SLMI's behalf to Judge

4  Crotty, advising that his firm had been retained as counsel for SLMI in *Abadin I* and

5  requesting a pre-motion conference to address SLMI's intent to file a motion to

6  intervene and to vacate Judge Crotty's judgment. SLMI's September 10, 2010 letter

7  cited various alleged grounds for its proposed motion to vacate the *Abadin I*

8  judgment, such as alleged lack of subject-matter jurisdiction. However, it did not

9  raise or mention any claimed issue relating to any actions, conduct, or decisions of

10 prior counsel as a basis for the proposed motion. A copy of Mr. Dowd's September

11 10, 2010 letter is annexed as Exhibit CC.

12     37.    Judge Crotty convened the pre-motion conference that SLMI had

13 requested on November 17, 2010. At the conference, SLMI, represented by Messrs.

14 Dowd and McGrath (SLMI's current counsel), again explained that it sought to

15 vacate the *Abadin I* judgment on the grounds such as that Judge Crotty allegedly

16 lacked subject-matter jurisdiction in *Abadin I*. Once again, neither the nature of the

17 papers relied on by Abadin as his opposition to defendants' motions to dismiss nor

18 any issue related to the conduct of prior counsel was raised by SLMI as a ground for

19 seeking intervention or vacatur. A copy of the transcript of this conference is

20 annexed as Exhibit DD.

21     38.    At the conclusion of the November 17, 2010 pre-motion conference,

22 Judge Crotty authorized SLMI to file a motion seeking to intervene in *Abadin I* and

23 vacate the judgment, although he observed that he had not heard anything at the

24 conference that led him to believe he would change his prior decision. The court set

25 a schedule under which SLMI was to file its motion by November 29, 2010 and

26 defendants would respond by December 20, 2010. (*Id*. at 16-18)

27

28

39.    On November 22, 2010, Mr. Dowd wrote to Judge Crotty and advised that SLMI was withdrawing its application to file a motion to intervene and vacate the judgment in *Abadin I* and that SLMI would not be filing such motion.    On November 29, 2010, Judge Crotty entered a "So Ordered" notation on Mr. Dowd's letter.  A copy of Mr. Dowd's letter, with Judge Crotty's endorsement, is annexed as Exhibit EE.

40.    Thus, the record of *Abadin I* reflects that SLMI, **under its current board of directors and represented by its current counsel**, appeared before Judge Crotty, obtained his permission to move to vacate the *Abadin I* judgment on an agreed-upon schedule, and then changed its mind and chose not to file any such motion.  Instead, SLMI has sought to collaterally attack the *Abadin I* judgment both before Judge Sweet in the Southern District of New York and before this Court in this action.

41.    For all these reasons and those set forth in Defendants' Supplemental Memorandum of Law and prior submissions, it is submitted that Defendants' motion to dismiss the Consolidated Complaint should be granted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed at New York, New York this 26th day of June, 2012.

IRA BRAD MATETSKY

40186848.1

14

SUPPLEMENTAL DECLARATION OF IRA BRAD MATETSKY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2012, a true and correct copy of
the foregoing DECLARATION OF IRA BRAD MATETSKY was served via U.S.
Mail upon the following:

Pierce Henry O'Donnell
O'Donnell & Associates
800 Wilshire Boulevard Suite 500
Los Angeles, CA 90017

Sean P Sheppard
Andersen Firm
1200 Plantation Island Drive South
Suite 220
St Augustine, FL 32080

Peter F. Paul, 78802-012
FCI LA TUNA
Federal Correctional Institution
P.O. Box 3000
Anthony, TX  88021

Peter F Paul
11 Graylyn Drive
Fairview, NC 28730

  /s/Leslie M. Werlin
Leslie M. Werlin

40186848.1

## 15