LUKE A. McGRATH, *pro hac vice*
Email: lmcgrath@dunnington.com
DUNNINGTON, BARTHOLOW & MILLER, LLP
1359 Broadway, Sixth Floor
New York, NY 10018
Phone: (212) 682-8811
Fax:   (212) 661-7769

ROBERT E. KOHN, SBN 200373
Email: rkohn@kohnlawgroup.com
KOHN LAW GROUP, INC.
1901 Avenue of the Stars, Suite 200
Los Angeles, CA 90067
Phone: (310) 461-1520
Fax:   (310) 461-1304

Counsel for STAN LEE MEDIA, INC., a Colorado corporation

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| STAN LEE MEDIA, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>vs.<br><br>STAN LEE, an individual, QED PRODUCTIONS, LLC, a Delaware limited liability company, and POW! ENTERTAINMENT, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 07-CV-0225-SVW (SSx)<br><br>[Consolidated with Case Nos. 07-CV-4438-SVW (SSx) and 09-CV-2340-SVW (PJWx)]<br><br>Assigned to Hon. Stephen V. Wilson<br>Courtroom 6<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**<br><br>Date: July 9, 2012<br>Time: 1:30 p.m.<br>Place: Courtroom 6<br><br>Hon. STEPHEN V. WILSON |

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT……………………………………...1

II. SUMMARY OF ARGUMENT………………………………………..3

III. ARGUMENT AND AUTHORITIES……........................................4

    A. Defendants' Argument That Abadin's Purported "Full And Fair Opportunity To Litigate" Precludes SLMI's Copyright Ownership Claims Must Fail……………………………………….4

        1. SLMI was not adequately represented because plaintiffs' counsel did not present SLMI's legally operative and viable claims and defenses to Judge Crotty……………………….4

        2. Even if plaintiffs had properly presented SLMI's claims and defenses, which they did not, SLMI would not be bound by preclusion because the doctrine of virtual representation has been rejected………………………………………………………8

    B. Since The Order Dismissing The Complaint In The 2009 S.D.N.Y. Action Made Determinations On Disputed Materials *Dehors* The Complaint And Not Necessary To The Holding That Plaintiffs Lacked Standing, This Court Is Not Bound By Those Portions Of The Order………………………………..10

    C. Defendants' Argument That SLMI Or Its Counsel Waived SLMI's Copyright Ownership Claims By Failing To Intervene In The Closed 2009 S.D.N.Y. Action Is Contradicted By The Record Which Shows That SLMI Diligently Preserved Its Claims……………………………………………………….…13

IV. CONCLUSION……………………………………………………..14

i

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

# TABLE OF AUTHORITIES

| FEDERAL CASES | PAGE |
| --- | --- |
| *Colan v. Monumental Corp.*, 524 F.Supp. 1023 (N.D. Ill. 1981) | 4 |
| *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81 (9th Cir. 1968) | 11 |
| *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259 (3d Cir. 1978) | 4, 5 |
| *Criales v. American Airlines, Inc.,* 105 F.3d 93 (2d Cir. 1997) | 5, 8 |
| *Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661 (9th Cir., 2006) | 12 |
| *Georgia S. & F. Ry. Co. v. Atl. Coast Line R. Co.*, 373 F.2d 493 (5th Cir. 1967) | 11 |
| *Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed Cir. 2010) | 4, 8, 12 |
| *Hansberry v. Lee*, 311 U.S. 32 (1940) | 4 |
| *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097 (9th Cir. 2006) | 5 |
| *Mantin v. Broadcast Music, Inc.,* 248 F.2d 530 (9th Cir. 1957) | 10 |
| *Papilsky v. Berndt*, 466 F.2d 251 (2d Cir. 1972) | 5, 11 |
| *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988) | 12 |
| *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650 (7th Cir. 2012) | 12 |
| *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 116 S. Ct. 1761 (1996) | 13 |
| *Saylor v. Lindsley*, 391 F.2d 965 (2d Cir. 1968) | 8 |
| *Smith v. Bayer*, 131 S.Ct. 2368 (2011) | 8, 9 |
| *Sonus Networks, Inc, Shareholder Derivative Litigation*, 499 F.3d 47 (1st Cir. 2007) | 5, 8, 12 |
| *Sovereign Partners v. Lascu*, 1997 WL 160279 (9th Cir. 1997) | 9 |

| | |
|---|---|
| *Taylor v. Sturgell*, 553 U.S. 880 (2008) | 8, 11, 14 |
| *In re Turner*, 204 B.R. 988 (B.A.P. 9th Cir. 1997) | 12 |
| *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772 (9th Cir. 2009) | 10 |
| *Whitmore v. Arkansas*, 495 U.S. 149 (1990) | 12 |
| *Winbourne v. Eastern Airlines, Inc.*, 632 F.2d 219 (2d Cir. 1980) | 11 |
| **FEDERAL RULES OF CIVIL PROCEDURE** | |
| 12(b) | 1, 8, 10 |
| 12(c) | 10 |
| 12(d) | 10, 11 |
| 19 | 11 |
| 23.1 | 11, 12 |
| 56 | 11 |
| **SECONDARY AUTHORITY** | |
| Restatement (Second) of Judgments § 36(2) (1982) | 10 |
| 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 2862 (2d ed. 2002) | 12 |
| 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4438 (2d ed.2002) | 4 |
| 18A Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 4452 (2d ed. 2002) | 13 |

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

Plaintiff Stan Lee Media, Inc., a Colorado corporation ("SLMI" or the "Company"), pursuant to instruction of the Court, respectfully submits this memorandum in opposition to the supplemental briefing filed by defendants Stan Lee ("Lee"), QED Productions, LLC ("QED"), and POW! Entertainment, Inc. ("POW!") (collectively, "Defendants") on the questions raised by the Court relating to Defendants' pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

# I.

# PRELIMINARY STATEMENT

The Court asked the parties to provide supplemental briefing related to the following issues:

1. Whether SLMI should be precluded from litigating its copyright ownership claims by an order in the Southern District of New York dismissing a complaint where counsel for shareholder plaintiffs seeking to assert claims derivatively on SLMI's behalf failed to formally oppose the defendants' motion to dismiss;

2. Whether, where the Southern District of New York relied on materials extrinsic to a complaint on a motion to dismiss pursuant to FRCP 12(b)(6), its dismissal of the complaint should preclude SLMI from litigating copyright ownership claims.

The failure of plaintiffs' counsel in the 2009 S.D.N.Y. Action[1] to formally oppose the motion to dismiss means that plaintiffs' counsel failed to adequately represent SLMI's copyright ownership and other claims. As discussed below, courts treat the failure to vigorously litigate attempted shareholder derivative claims as akin to a voluntary dismissal. In cases where the substance of underlying claims is not litigated vigorously, courts in circumstances similar to those presented here do not generally accord such dismissals preclusive effect against a nonparty such as SLMI.

---

[1] Unless otherwise defined, SLMI incorporates herein the defined terms used in the Memorandum of Stan Lee Media, Inc. in Further Opposition to Motion to Dismiss, dated June 26, 2012 (DE# 198).

- 1 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

As set forth below, plaintiffs' counsel failed to assert SLMI's viable claims and defenses and failed to argue specific facts that would have precluded application of Lee's statute of limitations or laches defenses. Indeed, Judge Crotty opined that plaintiffs' counsel's presentation on these points was conclusory and "hardly adequate." Tellingly, the copyright ownership and other claims that SLMI has advanced before this court, such as SLMI's legal disability from 2001 through 2010, are based on legally operative facts and meritorious legal theories that differ significantly from the claims advanced by the plaintiffs before Judge Crotty. Indeed, those plaintiffs permitted the S.D.N.Y. defendants to litigate the effectiveness of a 1998 copyright assignment, for example, without bringing to Judge Crotty's attention that the 1998 assignment had been amended in 1999 in exchange for Lee obtaining shares in and control of SLMI.

Defendants seek to characterize SLMI as having a second bite at the apple in the present litigation. But the opposite is true. SLMI has never had even its first bite. As explained below, giving preclusive effect to the S.D.N.Y's reliance on documents outside the complaint would violate fundamental notions of due process. The preclusive effect of the Dismissal Order is limited to the court's necessary holding, which is limited to the narrow issue of whether the shareholder plaintiffs had standing.

Defendants' attempts to mischaracterize SLMI as having engaged in forum-shopping or as having waived its rights by failing to try to re-open the closed S.D.N.Y. litigation should be rejected. The record shows that SLMI has taken every prudent and reasonable measure possible to protect its copyright ownership and other claims after a Board of Directors was finally seated after a decade of SLMI being rudderless, including moving to intervene at the Second Circuit to ensure that its rights would not be compromised. Lee's strategic resignation as the controlling shareholder/officer of SLMI followed by multi-year litigation to keep SLMI rudderless, his failure to give notice to SLMI shareholders of their rights, and his mischaracterizations of the 2009 S.D.N.Y. Action are simply a fraudulent ploy to deprive SLMI of ever having its day in court.

- 2 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

## II.

## SUMMARY OF ARGUMENT

As demonstrated in SLMI's Supplemental Brief, SLMI's copyright ownership and other claims should not be affected by Judge Crotty's Dismissal Order, the preclusive effect of which is limited to the issue of whether shareholder plaintiffs had standing to assert claims on SLMI's behalf.

Defendants argue three main points in their supplemental briefing. *First,* Defendants argue that SLMI is bound by Judge Crotty's decision because Jose Abadin had a full and fair opportunity to litigate SLMI's claims. *Second*, Defendants argue that Judge Crotty resolved Lee's statute of limitations and laches defenses on the amended complaint alone and that only Judge Crotty could have considered challenges to documents before him. *Third*, Defendants argue that SLMI's failure to intervene in the 2009 S.D.N.Y. Action and a purported failure of SLMI to challenge the "performance of Abadin's counsel" resulted in a waiver of SLMI's ability to argue that SLMI's counsel did not vigorously pursue SLMI's rights.

These arguments are without merit for at least three reasons. *First*, Defendants' argument that Abadin's purported "full and fair opportunity to litigate" precludes SLMI's copyright ownership claims must fail. Contrary to Defendants' arguments, SLMI was not adequately represented because plaintiffs' counsel did not present SLMI's legally operative and viable claims and defenses to Judge Crotty. Even if plaintiffs had properly presented SLMI's claims and defenses, which they did not, SLMI would not be bound by preclusion because the doctrine of virtual representation has been rejected.

*Second*, since the order dismissing the complaint in the 2009 S.D.N.Y. Action made determinations on disputed materials *dehors* the complaint and not necessary to the holding that plaintiffs lacked standing, this Court is not bound by those determinations.

*Third*, Defendants' argument that SLMI or its counsel waived SLMI's copyright ownership claims by failing to intervene in the closed 2009 S.D.N.Y. Action is contradicted by the record which shows that SLMI diligently preserved its claims.

- 3 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

# III.

# ARGUMENT AND AUTHORITIES

## A. Defendants' Argument That Abadin's Purported "Full And Fair Opportunity To Litigate" Precludes SLMI's Copyright Ownership Claims Must Fail.

In general, a "[d]ismissal on the ground that the plaintiff is not the real party in interest should not preclude a later action by the real party in interest." *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1362 (Fed. Cir. 2010) (*citing* 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4438 (2d ed.2002). As demonstrated in SLMI's Supplemental Brief, a judgment in a representative action has no preclusive effect against a nonparty if the nonparty's interests were not vigorously pursued and protected in that prior action by the representative and its counsel. *See* SLMI's Supplemental Brief, DE# 198 at 12-14; *Hansberry v. Lee*, 311 U.S. 32, 40 (1940); *Cramer v. General Telephone & Electronics Corp.*, 582 F.2d 259, 268 -269 (3d Cir. 1978); *Colan v. Monumental Corp.*, 524 F.Supp. 1023, 1026-27 (N.D. Ill. 1981).

### 1. SLMI was not adequately represented because plaintiffs' counsel did not present SLMI's legally operative and viable claims and defenses to Judge Crotty.

For purposes of issue preclusion analysis, courts have treated failures to litigate vigorously, like plaintiffs' counsel's failure to file a formal opposition to the motion to dismiss the 2009 S.D.N.Y. Action, as akin to a voluntary dismissal of that action and thus have declined to give such dismissals preclusive effect. *See Colan*, 524 F.Supp. at 1026-27. Where a derivative plaintiff's counsel invites dismissal akin to a voluntary dismissal, the representation is considered grossly deficient and notice to all shareholders is required before dismissal if preclusive effect is to be applied to nonparties. *Id.* ("Irrespective of the merits of the underlying complaint, it can hardly be said that the plaintiff's prosecution of the corporation's claim in the First Derivative Action led to the kind of adjudication on the merits after full adversarial presentations by opposing counsel which would guarantee that

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

the validity of the corporation's claim has been fairly determined and would justify binding the corporation and its shareholders to the result. . . . Since there [was no] notice of that action's dismissal [] provided to nonparty shareholders who may have wanted to oppose the defendants' motion and pursue the corporate claim further, this Court holds that the dismissal of the First Derivative Action is not res judicata as to this suit."); *Cramer*, 582 F.2d at 268 -269 ("The district court's dismissal of the claim with prejudice magnifies the need for notice to the other shareholders. Since no notice was given, the voluntary dismissal cannot be given res judicata or collateral estoppel effect."); *see Sonus Networks, Inc., Shareholder Derivative Litigation*, 499 F.3d 47, 64-66 (1st Cir. 2007); *see also Papilsky v. Berndt*, 466 F.2d 251, 260 (2d Cir. 1972).

    Here, after plaintiffs' counsel failed to file a formal opposition to the motion to dismiss the 2009 S.D.N.Y. Action, even after being warned repeatedly by the adversary and Judge Crotty of deadlines and the need to file opposition papers, no notice was provided to SLMI's shareholders who might have had standing to litigate SLMI's copyright ownership and other claims before the court dismissal. *See* SLMI's Supplemental Brief, DE#198 at 14-16. Thus, plaintiffs' counsel's representation was so grossly deficient that the Dismissal Order can have no preclusive effect against SLMI.

    Defendants attempt to circumvent this obvious result by characterizing plaintiffs' counsels' actions as "conscious and deliberate steps to litigate the action."[2] The record amply demonstrates the contrary. Indeed, plaintiffs' counsel's actions ultimately resulted in default and abandonment of the FAC. *See* SLMI's Supplemental Brief, DE# 198 at 3-7, 13 (describing the failure to litigate SLMI's copyright ownership claims). These actions show counsel's unwillingness or inability to litigate the underlying copyright

---

[2] Defendants cite cases in their supplemental briefing for the proposition that, because plaintiffs in the 2009 S.D.N.Y. Action had a full and fair opportunity to be heard, SLMI is bound by the Dismissal Order. However, almost all of the cases that Defendants cite stand for the unremarkable proposition that a party is bound by the actions of his former counsel, which is not relevant here as SLMI was a nonparty. *See, e.g.*, *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097 (9th Cir. 2006).

- 5 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

ownership claims.

Indeed, in the Dismissal Order, Judge Crotty found "[w]ith regard to Defendants' arguments about the statute of limitations, Plaintiffs' new counsel blithely asserts that the statute has been tolled 'pursuant to various statutory and common law doctrines' or, alternatively, should be tolled on the grounds of 'fairness.' But making these arguments without specifying which statute or doctrine is operative, on which claims and why, *is hardly adequate*." Dismissal Order at 11 (emphasis added). In abandoning the complaint, plaintiffs' counsel failed to advance the following legally operative facts and arguments pending before this Court that would have presented viable claims and precluded the application of Lee's statute of limitations or laches defense:

- That on the eve of SLMI's bankruptcy, Lee executed and delivered to SLMI a written waiver of his right to terminate the October 1998 Assignment. *See* DE#144 at 7; DE #164 at 3; Consolidated Complaint, DE# 152 at ¶¶ 37-39;

- That Lee could not terminate the October 1998 Assignment by its terms and also under relevant bankruptcy law. *See* DE#144 at 17; Affidavit of Lillian Lasserson, DE# 146-9 ¶¶ 29-35; DE#164 at 4; DE# 193 at 7;

- That, because Lee asserted ownership claims to his creations derivatively on behalf of SLMI based on the October 1998 Assignment, he is estopped and has waived any argument that SLMI does not own his creations. *See* DE#164 at 22;

- That the October 1998 Assignment was recorded first-in-time with the U.S. Copyright Office providing SLMI's assignment with priority over Lee's unrecorded assignment to Marvel under the Federal Copyright law. *See* DE# 193 at 9-10;

- That the October 1998 Assignment is consistent with industry custom and trade usage of a permanent intellectual property assignment. *See* Affidavit of Lillian Lasserson, DE# 146-9 ¶¶ 29-35;

- 6 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

- That Lee ratified the October 1998 Assignment in a letter filed with the SEC in 1999 (the "1999 Ratification") specifically stating that the agreement remained in full force and effect, which filing put Marvel on notice that its November 1998 Assignment was worthless. *See* DE # 144 at 3; Ex. 3 to Consolidated Complaint, DE# 152;

- That Marvel was on notice of SLMI's ownership because SLMI's 10-KSB filing on or about March 20, 2000 with the SEC shows that Lee's assignments to SLMI were open, notorious, and public. *See* DE#144 at 3-4, 6-7; DE# 145-6.

Plaintiffs' counsel's failure to bring the 1999 Ratification to Judge Crotty's attention is especially shocking. In 1999, just before SLMI went public, Stan Lee signed the 1999 Ratification, which ratified the earlier October 1998 assignment of all of his copyrights and reaffirmed this transfer directly to SLMI. *See* Ex. 3 to Consolidated Complaint, DE# 152. In exchange for this ratification, Lee received 3.5 million shares of SLMI and control of SLMI. Consolidated Complaint, DE# 152 at ¶ 19. SLMI has asked this Court to consider the 1999 Ratification. Consolidated Complaint, DE# 152 at ¶¶ 18-26.

The evidence proffered by Defendants shows that Judge Crotty never saw the 1999 Ratification. Nor did Judge Crotty find that the 1999 Ratification had been terminated or otherwise rescinded. Indeed, it is unclear whether Judge Crotty understood that Lee was SLMI's major controlling shareholder when he purported to terminate the October 1998 Assignment on the eve of SLMI's bankruptcy. Defendants have thus failed to show that Judge Crotty even had access to perhaps the most significant publicly-filed document upon which the majority of SLMI's approximately 1800 public shareholders potentially relied.

On this motion, Defendants are asking this Court to strip SLMI of its copyright ownership claims based on Judge Crotty's review of the wrong document. Defendants ask this Court to resolve legal and factual questions that are properly before this Court but

1  were never presented to Judge Crotty.  Because Defendants pointed Judge Crotty to the
2  wrong documents and did not litigate the copyright ownership issues squarely raised by
3  the pleadings in this action, Defendants have failed in their burden of proving that the
4  Dismissal Order cut off SLMI's copyright ownership claims. *See Criales v. American*
5  *Airlines, Inc.,* 105 F.3d 93, 97 (2d Cir. 1997) (a FRCP 12(b)(6) dismissal will not bar a
6  second action if new facts have come into existence or have not been alleged and it was
7  the absence of these facts that made the first complaint defective); *see also Gillig*, 602
8  F.3d at 1363.

9  **2. Even if plaintiffs had properly presented SLMI's claims and defenses,**
10 **which they did not, SLMI would not be bound by preclusion because the**
11 **doctrine of virtual representation has been rejected.**

12  In the derivative context, a nonparty corporation (such as SLMI) is not in "privity"
13 with individual shareholders from a putative derivative suit where the court determines
14 that those shareholders are incapable of serving as adequate representatives of the
15 corporation. *Taylor v. Sturgell*, 553 U.S. 880, 894-95 (2008) (rejecting virtual
16 representation theory of privity); *Smith v. Bayer*, 131 S.Ct. 2368, 2380-81 (2011); *see also*
17 *Saylor v. Lindsley*, 391 F.2d 965, 968-69 (2d Cir. 1968); *Sonus*, 499 F.3d at 64-66.  In the
18 2009 S.D.N.Y. Action, Judge Crotty determined that plaintiffs did not have standing and
19 had previously released any derivative claims – accordingly, those putative plaintiffs
20 could not be in "privity" with or adequately represent SLMI.  *See* DE# 159-1 at 7 n.3, 8,
21 9-10, 10 n.4.

22  Having won the battles of showing that plaintiffs could not and did not represent
23 SLMI through 2010, Lee now argues to this Court that plaintiffs were in privity with
24 SLMI based on the fact that Abadin was finally seated by the Colorado courts as a director
25 of SLMI by a decision of the Colorado courts in 2011.  Fatal to Defendants' argument is
26 the fact that SLMI did not assume control of the litigation before the Southern District of
27 New York. *Gillig*, 602 F.3d at 1362 ("In general, a '[d]ismissal on the ground that the
28 plaintiff is not the real party in interest should not preclude a later action by the real party

- 8 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

1 in interest.' However, Nike argues that this case is an exception, because Gillig and Triple
2 Tee are in privity, and Gillig's failure to properly assert his rights in *Triple Tee I* precludes
3 a 'second bite at the apple.' The district court found that Gillig was in privity with Triple
4 Tee because 'Gillig was an officer and the principal owner of Triple Tee.' *Triple Tee II*,
5 618 F.Supp.2d at 592. However, control of a *party* to the litigation through stock
6 ownership or corporate officership is not enough to create privity, absent a showing that
7 the corporate form has been ignored (which is not the case here).  Instead, Nike relies on a
8 'control of litigation' exception to establish privity.  For that exception to apply, it is
9 necessary to establish that the stockholder/officer controlled the *litigation* and that his
10 interests were represented by the party in the suit.  We are doubtful that such a showing
11 has been made in this case. The fact that Gillig may have been the ultimate decision maker
12 for Triple Tee's business is not sufficient to establish that he controlled the litigation.")
13 (internal citations omitted).
14        Furthermore, Defendants cite no case barring a corporation from enforcing its legal
15 rights merely because one of the members of its current board of directors had
16 individually attempted, without legal authority, to bring a derivative case when the
17 corporation was legally rudderless.   Although Abadin appeared as a party in his
18 individual capacity in the 2009 S.D.N.Y. Action, Judge Crotty never authorized Abadin to
19 serve as a litigation representative for nonparty SLMI in the 2009 S.D.N.Y. Action, and
20 Abadin has not appeared in any capacity in this action.  Indeed, Abadin cannot be treated
21 as a "party" in this action. *See, e.g.*, *Bayer*, 131 S.Ct. at 2379-2380.  Moreover, even if,
22 *arguendo*, Abadin's status as one of three members of SLMI's current board of directors
23 could somehow be "transformed" into being a "representative party" in this action, such
24 representative capacity would be fundamentally different from Abadin's individual status
25 as a putative derivative plaintiff in the 2009 S.D.N.Y. Action.  Preclusion does not apply
26 to a company like SLMI where an individual appeared as a plaintiff in the first action in
27 his individual capacity but later became a representative of the company. *Sovereign*
28 *Partners v. Lascu*, 1997 WL 160279, at *6 (9th Cir. 1997) ("It is well settled that a party

- 9 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

appearing in an action in one capacity, individual or representative, is not thereby bound by *res judicata* in a subsequent action in which he or she appears in a different capacity.") (citations omitted); Restatement (Second) of Judgments § 36(2) (1982).

Accordingly, Defendants cannot overcome Judge Crotty's determination that plaintiffs, including Abadin, had no standing – meaning that SLMI's interests were not adequately represented as a matter of law.[3] Thus, to reach the result Defendants desire, this Court would have to make a finding that Judge Crotty erred when he found that plaintiffs had no standing. This Court does not have the power to reverse Judge Crotty's determination on this point.

**B. Since The Order Dismissing The Complaint In The 2009 S.D.N.Y. Action Made Determinations On Disputed Materials *Dehors* The Complaint And Not Necessary To The Holding That Plaintiffs Lacked Standing, This Court Is Not Bound By Those Portions Of The Order.**

Defendants argue that in addressing issues relating to SLMI's copyright ownership claims, Judge Crotty did not rely on the evidence extrinsic to the pleadings submitted by defendants with their motion to dismiss the 2009 S.D.N.Y. Action.

Defendants' argument is contradicted by the undisputed record. As demonstrated in SLMI's Supplemental Brief, not only did Judge Crotty reach conclusions based upon evidence extrinsic to the complaint, but in doing so, he ventured far beyond the questions that he had power to address and considered and purported to resolve issues not necessary to dismissing the complaint for lack of standing. *See* SLMI's Supplemental Brief, DE# 198 at 11, 17. FRCP 12(d) states that, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion

---

[3] In any event, as demonstrated in SLMI's Supplemental Brief, Defendants are judicially estopped from arguing that SLMI's interests were adequately represented in the 2009 S.D.N.Y. Action. To prevent a litigant from playing fast and loose with the courts, judicial estoppel bars the assertion of an inconsistent position in a subsequent case. *See, e.g., United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 778-79 (9th Cir. 2009).

- 10 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

1  must be treated as one for summary judgment under Rule 56" and "[a]ll parties *must be*
2  *given* a reasonable opportunity to present all the material that is pertinent to the motion."
3  FRCP 12(d) (emphasis added); *Mantin v. Broadcast Music, Inc.,* 248 F.2d 530, 531 (9th
4  Cir. 1957). If a district court does not explicitly exclude the extrinsic evidence, it must
5  treat the motion as one for summary judgment and provide the notice required by FRCP
6  12(d) and 56. *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84-85 & n.2 (9th Cir.
7  1968) (reversing grant of a motion to dismiss where the court did not indicate in any
8  affirmative manner that the material outside the pleading was being excluded).
9        Defendants submitted, and the Dismissal Order demonstrates, that Judge Crotty
10 considered: (1) an Employment Rights Agreement between Marvel Enterprises, Inc. and
11 Stan Lee, dated November 1, 1998 (*see* Plaintiffs' Request For Judicial Notice, dated July
12 3, 2012 ("PRJN") Ex. 1); and (2) a letter from Arthur M. Lieberman, Esq. to Ken
13 Williams, CEO of Stan Lee Media, Inc., dated January 30, 2001 (*see* DE# 199 at 267-68
14 of 268). These incomplete exhibits which were presented out of context in a misleading
15 manner, were neither public records of courts or government agencies, nor attached to the
16 FAC. Accordingly, Lee's submissions before Judge Crotty triggered the due process
17 notice provisions of FRCP 12(d) and 56 which would have required SLMI to be notified
18 before consideration of extrinsic evidence or resolution of disputed facts relating to
19 SLMI's copyright ownership claims.
20       Defendants further assert that, even if Judge Crotty based his rulings on evidence
21 extrinsic to the complaint in determining SLMI's copyright ownership claims, the
22 Dismissal Order would nevertheless preclude this action because judgments based upon
23 an erroneous view of the law are not open to collateral attack. Defendants miss the point.
24 A district court's failure to provide the notice required by FRCP 12(d), 56, and 23.1 to a
25 third party who is a necessary party to the action under FRCP 19 is not a mere error of the
26 law, but a violation of due process if the judgment is used to deprive a person of rights
27 when that person has not had his day in court. *See Georgia S. & F. Ry. Co. v. Atl. Coast*
28 *Line R. Co.*, 373 F.2d 493, 497-98 (5th Cir. 1967); *Winbourne v. Eastern Airlines, Inc.*,

- 11 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

632 F.2d 219, 224 (2d Cir. 1980); *Papilsky*, 466 F.2d at 260. As Defendants concede, a judgment that violates due process principles by taking away a nonparty's day in court can have no preclusive effect. *See* Defendants' Supplemental Brief, DE# 197, at 12; *Taylor*, 553 U.S. at 891 ("The federal common law of preclusion is, of course, subject to due process limitations.").[4] Here, in purporting to determine SLMI's copyright ownership and infringement claims, neither SLMI nor its other shareholders with standing to pursue the claims received the required notice, thus giving the portions of the Dismissal Order that purport to adjudicate the claims preclusive effect would violate SLMI's due process rights.

Defendants further miss the point because the only legitimate preclusive effect Judge Crotty's Dismissal Order has is to finally determine that plaintiffs lacked standing. *See Sonus*, 499 F.3d at 61-62. Thus, SLMI is free to pursue the copyright ownership and other claims pleaded here. *Gillig*, 602 F.3d at 1361 ("To the extent that the dismissal in the original action was for lack of standing, there is no res judicata bar to a second action by a party with proper standing, but only a bar to another action by the same party alleging the same basis for standing (here, Triple Tee's claim of standing based on the purported 2000 assignment)."). Additionally, once Judge Crotty dismissed the 2009 S.D.N.Y. Action for lack of standing to assert claims derivatively on SLMI's behalf under FRCP 23.1(Dismissal Order at 9-10), any ruling on SLMI's copyright ownership claims was not necessary to the Dismissal Order and thus, on wholly independent grounds, can have no preclusive effect. *See* SLMI Supplemental Brief, DE# 198 at 11; *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 689-90 (7th Cir. 2012) (findings not

---

[4] Further, it is well settled that a judgment is void if the court that considered it acted in a manner inconsistent with the due process of law, such as by denying a party a full and fair opportunity to be heard. *See* 11 Wright and Miller, Federal Practice and Procedure, § 2862 (2d ed. 2002); *Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661, 664 (9th Cir. 2006); *see Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84-86 (1988). It is well settled that void judgments are: (i) nullities; (ii) subject to collateral attack at any time in any court; and (iii) of no effect either as a bar or as estoppel. *See, e.g.*, *In re Turner*, 204 B.R. 988, 992 (B.A.P. 9th Cir. 1997).

- 12 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

essential to a judgment have no preclusive effect); *see Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

Accordingly, because SLMI never had its day in court to challenge the evidence because of a failure of notice and the meaningful opportunity to be heard, the Dismissal Order does not preclude SLMI's claims in this action. To the extent the Dismissal Order purports to adjudicate SLMI's rights, giving it preclusive effect and thus slamming the courthouse doors shut would deprive SLMI of due process and be manifestly unfair.

**C. Defendants' Argument That SLMI Or Its Counsel Waived SLMI's Copyright Ownership Claims By Failing To Intervene In The Closed 2009 S.D.N.Y. Action Is Contradicted By The Record Which Shows That SLMI Diligently Preserved Its Claims.**

Defendants argue waiver on the grounds that SLMI decided not to intervene in the 2009 S.D.N.Y. Action. No legal authority supports Defendants' theory. "[T]here is no duty of mandatory intervention imposed upon nonparties, and the decision not to intervene thus does not expose a nonparty to the earlier proceedings' preclusive effects." 18A Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 4452 (2d ed. 2002); *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 800 n.5 (1996).

Defendants then accuse SLMI of "judge-shopping." As the Court has duly noted, while SLMI was incapacitated, derivative plaintiffs created "a gigantic mess." DE# 167 at 6:14-18. But a series of derivative plaintiffs did so – not SLMI. At the time, SLMI was incapacitated as a matter of Colorado law and had no one to speak on its behalf. *Id.* at 5:13-14; DE# 130 at 13. When SLMI's incapacity finally ended, the Company retained counsel who, after due consideration and investigation, openly, notoriously, systematically, and publicly preserved SLMI's copyright ownership claims.

Defendants' reference to SLMI's September 10, 2010 letter to Judge Crotty in the 2009 S.D.N.Y. Action and subsequent decision not to intervene in that action is telling. SLMI wrote that letter to Judge Crotty because Lee and Marvel represented to Judge Sweet that SLMI had appeared in the 2009 S.D.N.Y. Action. *See* DE# 200-3 at 18 of 43;

- 13 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

*see* PRJN Ex. 2 at 6; PRJN Ex. 3 at 10-12.  At a subsequent pre-motion conference, Judge Crotty confirmed that this representation was false.  *See generally* PRJN Ex. 4.  Thus, SLMI had successfully ascertained that its copyright ownership rights were not compromised by a terminated case, and there was no need to intervene.  Once Lee and Marvel's sham was revealed and SLMI's nonparty status was confirmed by Judge Crotty and the Second Circuit (which denied SLMI's motion to intervene in the appeal), SLMI did not have any reason to intervene in the closed action before Judge Crotty.

Defendants also claim waiver because SLMI did not previously criticize the performance of plaintiffs' counsel.  However, the burden of proving the prong of preclusion that requires issues to be fully and fairly litigated is on Defendants.  *See Taylor*, 553 U.S. at 907.  Accordingly, it is Defendants who bear the burden of showing that plaintiffs' counsel vigorously litigated SLMI's copyright ownership claims, not SLMI.  Defendants' failure to do so dooms their preclusion defense.  In any event, Defendants concede that the Court has judicial discretion to consider this issue, and the Court has allowed <u>both</u> parties to brief the issue.  Thus, evidence that plaintiffs' counsel failed to litigate SLMI's claims and defenses is timely, relevant to the issue of preclusion, and properly considered by the Court.

## IV.
## CONCLUSION

For the reasons stated above, in SLMI's Opposition (DE# 164), and in SLMI's Supplemental Brief (DE# 198), the Court should deny the Defendants' motion to dismiss.

Dated:  July 3, 2012        **DUNNINGTON, BARTHOLOW & MILLER, LLP**
**KOHN LAW GROUP, INC.**

- 14 -

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**

By:/s/ Luke McGrath
    Luke McGrath (Appearing *Pro Hac Vice*)
    Counsel for Plaintiff STAN LEE MEDIA, INC., a Colorado corporation


By:/s/ Robert E. Kohn
    Robert E. Kohn
    Counsel for Plaintiff STAN LEE MEDIA, INC., a Colorado corporation

**MEMORANDUM OF STAN LEE MEDIA, INC. IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW**